IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    CR No. 04-30014-01-AA

       Plaintiff,                                              ORDER

    v.

BRUCE JOSEPH HATTRICK,

       Defendant.

_____

AIKEN, Judge:

    On June 17, 2005, defendant was sentence to a term of imprisonment of 120 months for manufacture of 1,000 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  Defendant now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The motion is denied.

    Defendant first claims in Ground One that his guilty plea was not entered knowingly or voluntarily, because he was not competent at the time of his change of plea.

1    - OPINION AND ORDER

A guilty plea must be voluntary and intelligent; accordingly, the defendant must be aware of the nature and elements of the charges against him and the possible punishment he faces. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Specifically, the defendant must understand "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including . . . the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances. . . ." Fed. R. Crim. P. 11(c)(1). Statements made in open court at the time of a plea carry a strong presumption of legitimacy. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).

Defendant maintains that he was on medication during his change of plea hearing, and that a question as to his competency had been raised previously. Defendant also maintains that counsel was ineffective for not raising this claim at the time of defendant's change of plea or sentencing. However, the court had been informed of plaintiff's diagnosis of bipolar disorder and that he was taking medication. As a result, I questioned defendant and counsel extensively regarding defendant's ability to understand the proceedings and the consequences of pleading guilty. During his plea and sentencing hearing, I confirmed that defendant understood the nature and consequences of his plea, and that he had discussed

2    - OPINION AND ORDER

these issues with his attorney. I assured that defendant
understood the statutory mandatory minimum and maximum sentences
that applied to his case. Further, the court thoroughly explained
the consequences of a guilty plea to defendant and confirmed that
defendant understood those consequences. The court further advised
defendant that any prediction by counsel was not binding on the
court when imposing sentence. Defendant confirmed that no promises
of leniency or of a particular sentence were made to him to induce
his guilty plea. Both defense counsel and defendant confirmed that
defendant understood the nature of his actions and the resulting
consequences, and counsel for the government was satisfied, as I
was, that defendant knowingly and voluntarily entered his plea of
guilty. Therefore, I find no basis for defendant's claim of
involuntary plea or ineffective assistance on this ground.

In Ground Two, defendant claims that the government failed to
disclose evidence favorable to him. However, defendant does not
identify a specific piece or type of favorable evidence that he was
denied and that would have been material to his case. Instead,
defendant complains that he was not provided with particular lists
or inventories of persons or items related to the search of his
home. Therefore, defendant cannot prevail on this claim.

In Ground Three, defendant alleges that the court committed
plain error by placing the burden on him to show that the
government's warrantless search was lawful. In Grounds Four, Five

3    - OPINION AND ORDER

and Eight, defendant claims that his conviction resulted from evidence obtained pursuant to an unconstitutional search and seizure. For the reasons set forth in my opinions dated June 29, 2004, December 21, 2004, and February 17, 2005, defendant failed to raise a substantial question regarding the validity of the search of his property and travel trailer under the open fields doctrine, the probable cause established by the search warrant to search defendant's property for evidence of a marijuana growing operation, or the lack of prejudice to defendant resulting from the failure of the search warrant to indicate that the items described with particularity were to be seized. Furthermore, defendant's conviction and sentence were affirmed on appeal. See United States v. Hattrick, 182 Fed. Appx. 649 (9th Cir. May 11, 2006).

In Ground Six, defendant argues that his conviction was secured through a grand jury unconstitutionally selected and empaneled. However, defendant fails to provide any argument or evidence to support this claim.

Finally, in Ground Seven, defendant claims that his counsel was ineffective for failing to raise all of the above Grounds for Relief. In plea proceedings, the movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). For the reasons above,

4      - OPINION AND ORDER

defendant fails to establish deficiency of performance or prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Defendant also moves for reimbursement of attorney's fees and return of seized property, and reimbursement of proceeds from the sale of his home. Defendant's motion is based on the alleged "unconstitutional" prosecution against him and therefore cannot support the relief sought.

Accordingly, defendant's Motion to Vacate, Set Aside or Correct Sentence and related motions for summary judgment and release from custody (docs. 95, 103, 105) are DENIED. Likewise, defendant's motion for reimbursement of attorney fees and return of seized property (doc. 104) is DENIED.

IT IS SO ORDERED.

Dated this 4 day of June, 2007.



_____
Ann Aiken
United States District Judge